UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BROADCAST MUSIC, INC.;
CHINQUAPIN MUSIC; BOY ROCKING
MUSIC; WARNER-TAMERLANE
PUBLISHING CORP.; EVIL
EYE MUSIC, INC.; EMI BLACKWOOD
MUSIC INC.; HOWE SOUND MUSIC
PUBLISHING LLC d/b/a CYPRESS PARK          CIVIL ACTION NO.:
MUSIC; SCREEN GEMS-EMI MUSIC,
INC.; EMI CONSORTIUM SONGS, INC.
d/b/a EMI LONGITUDE MUSIC;
COMBINE MUSIC CORP.; ARC MUSIC
CORP.; GOLDEN EGG MUSIC, INC.;
EMBASSY MUSIC CORPORATION;
SONY/ATV SONGS LLC; BEECHWOOD
MUSIC CORPORATION; JAY-BOY
MUSIC CORP.; LION AIRE PUBLISHING;
YOUNG MONEY PUBLISHING, INC.,

      Plaintiffs,

  v.

BRICKHOUSE LODGE INC. d/b/a THE
LODGE BRICK CITY CRAFT PUB &
EATERY and BRYAN CARACCIOLO,
 individually

      Defendants.
_____/

## COMPLAINT

The Plaintiffs, BROADCAST MUSIC, INC., CHINQUAPIN MUSIC; BOY ROCKING MUSIC, WARNER-TAMERLANE PUBLISHING CORP., EVIL EYE MUSIC, INC., EMI BLACKWOOD MUSIC INC., HOWE SOUND MUSIC PUBLISHING LLC d/b/a CYPRESS PARK MUSIC, SCREEN GEMS-EMI MUSIC, INC., EMI CONSORTIUM SONGS, INC. d/b/a

EMI LONGITUDE MUSIC, COMBINE MUSIC CORP., ARC MUSIC CORP., GOLDEN EGG MUSIC, INC., EMBASSY MUSIC CORPORATION, SONY/ATV SONGS LLC, BEECHWOOD MUSIC CORPORATION, JAY-BOY MUSIC CORP., LION AIRE PUBLISHING, YOUNG MONEY PUBLISHING, INC., by and through their counsel, for their Complaint against Defendants, BRICKHOUSE LODGE INC. d/b/a THE LODGE BRICK CITY CRAFT PUB & EATERY and BRYAN CARACCIOLO, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs, other than BMI, are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Chinquapin Music is a sole proprietorship owned by Walter Allen Richmond. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Boy Rocking Music is a sole proprietorship owned by Paul Steven Ripley. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Evil Eye Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Howe Sound Music Publishing LLC is a limited liability company doing business as Cypress Park Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Combine Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Arc Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Golden Egg Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Beechwood Music Corporation is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff Jay-Boy Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Plaintiff Lion Aire Publishing is a sole proprietorship owned by Kevin Winston Rudolf. This Plaintiff is a copyright owner of at least one of the songs in this matter.

21. Plaintiff Young Money Publishing, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

22. Defendant BRICKHOUSE LODGE INC. is a corporation organized and existing under the laws of the state of Florida, which operates, maintains and controls an establishment known as The Lodge Brick City Craft Pub & Eatery located at 36 S Magnolia Avenue, Ocala, FL 34471, in this district (the "Establishment").

23. In connection with the operation of the Establishment, Defendant BRICKHOUSE LODGE INC. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

24. Defendant BRICKHOUSE LODGE INC. has a direct financial interest in the Establishment.

25. Defendant Bryan Caracciolo is an owner of Defendant BRICKHOUSE LODGE INC. with responsibility for the operation and management of that corporation and the Establishment.

26. Defendant Bryan Caracciolo has the right and ability to supervise the activities of Defendant BRICKHOUSE LODGE INC. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

27. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 26.

28. Since August 2020, BMI has reached out to Defendants over ninety (90) times, by phone, mail and email in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

29. Plaintiffs allege fourteen (14) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

30.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the fourteen (14) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

31.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

32.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

33.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

34. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

35. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c).

(III) Defendants be ordered to pay costs, including reasonable attorney's fees, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk using the CM/ECF system and furnished via United States Mail to the following:

Brickhouse Lodge Inc. d/b/a
The Lodge Brick City Craft Pub & Eatery
4330 N. US Highway 441, Unit #1
Ocala, Florida 34475

Bryan Caracciolo
4330 N. US Highway 441, Unit #1
Ocala, Florida 34475

**JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP**

 /s/  Zachary D. Messa
Zachary D, Messa, Esquire
Florida Bar No.: 513601
311 Park Place Blvd., Suite 300
Clearwater, FL  33759
Tel: 727-461-1818 / Fax: (727) 462-0965
Email: ZacharyM@jpfirm.com
Frank R. Jakes, Esquire
Florida Bar No.: 372226
401 E. Jackson St., Suite 3100
Tampa, FL 33602
Tel: 813-225-2500 / Fax: 813-223-7118
Email: FrankJ@jpfirm.com
*Attorneys for Plaintiffs*

8687838